| | |
|---|---|
| IVAN VON STAICH, <br><br>              Petitioner, <br><br>   v. <br><br>U.S. PAROLE COMMISSION, <br><br>              Respondent. | Case No. 1:21-cv-00628-HBK <br><br>ORDER DIRECTING PETITIONER TO NOTIFY COURT WHY PETITION SHOULD NOT BE DISMISSED AS MOOT <br><br>FOURTEEN-DAY RESPONSE PERIOD <br><br>ORDER DIRECTING CLERK OF COURT TO UPDATE PETITIONER'S ADDRESS <br><br>ORDER DIRECTING CLERK OF COURT TO SERVE ORDERS BY CERTIFIED MAIL ON RESPONDENT |

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

Petitioner Ivan Von Staich initiated this action by filing a *pro se* petition for writ of mandamus under 28 U.S.C. § 1651. (Doc. No. 1). On April 16, 2021, the Court ordered Respondent to respond to the petition and served a copy of this order electronically on the United States Attorney's Office for the Eastern District of California. *See docket.* Respondent has not yet responded to the petition.[1] It appears Petitioner was arrested on a warrant for violating the terms of his federal parole and was temporarily detained in the Fresno County Jail. (*See generally* Doc. No. 1). The Court has *sua sponte* reviewed the docket and notes that mail

---

[1] The Court notes that Respondent was served by regular U.S. mail instead of by certified mail as required by Federal Rule of Civil Procedure 4(i)(2) and as directed in the Court's Order.

addressed to Petitioner at Fresno County Jail was returned undeliverable. (*See* docket). The Court takes judicial notice under Federal Rule of Evidence 201 that Petitioner is currently incarcerated in Victorville United States Penitentiary with a stated release date of December 4, 2021.[2] The Court directs the Clerk of Court to update Petitioner's address accordingly.

Although Petitioner now appears to be in the custody of the Bureau of Prisons, the Court cannot discern from the docket the status and/or the exact nature of the charges against Petitioner. *See U.S.A. v. Von Staich*, No. 2:80-cr-00027-TLN (E.D. Cal. July 9, 1980). Nevertheless, Petitioner has been appointed counsel in connection with his current confinement. *See Von Staich*, No. 2:80-cr-00027-TLN (Doc. No. 29). In his writ of mandamus, Petitioner seeks a court order directing Respondent to terminate his pending parole violation proceedings on the basis that he no longer is on parole. (Doc. No. 1 at 6-7). Accordingly, it appears that Petitioner is challenging the fact or duration of his current custody. If so, Petitioner should seek relief through writ of habeas corpus under 28 U.S.C. § 2255 or § 2241. However, such a petition appears premature because Petitioner must exhaust all administrative remedies prior to filing either petition. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) ("Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court."); s*ee also Feldman v. Henman*, 815 F.2d 1318, 1321 (9th Cir. 1987). If the parole violation proceedings are ongoing and/or if Petitioner has not yet appealed a finding that he violated parole, any request for relief under § 2255 or § 2241 would be premature at this time.

Because Petitioner is no longer detained in the Fresno County Jail and appears to have been transferred to BOP custody, his petition appears to be moot. Accordingly, before recommending dismissal, the Court will afford Petitioner the opportunity to show cause why his petition should not be dismissed as moot. Alternatively, Petitioner may seek to voluntarily dismiss the instant writ of mandamus in order that he may seek relief through either a § 2241 or § 2255 petition at the appropriate time.

---

[2] *See* Bureau of Prison's Inmate Locator, https://www.bop.gov/inmateloc/, last accessed July 12, 2021.

Accordingly, it is **ORDERED**:

1. The Clerk of Court is directed to update Petitioner's address to Victorville United States Penitentiary.

2. The Clerk of Court is directed to serve a copy of this Order and a copy of this Court's April 16, 2021 Order (Doc. No. 7) by certified mail on Respondent and an electronic copy on the United States Attorney's Office for the Eastern District of California.

3. Within fourteen (14) days of receipt of this Order, Petitioner is ordered to show cause why his petition should not be dismissed as moot or notify the Court whether he wishes to voluntarily dismiss the instant petition.

Dated: July 13, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE