1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   IVAN VON STAICH,                    Case No.    1:21-cv-00628-HBK

12              Petitioner,              ORDER DENYING PETITIONER'S
                                         APPOINTMENT OF COUNSEL
13        v.
                                         (Doc. No. 23)
14   US PAROLE COMMISSIONER,
                                         ORDER FINDING PETITIONER'S
15              Respondent.              REQUEST FOR JUDICIAL NOTICE MOOT

16                                       (Doc. No. 24)

17

18        Before the Court are Petitioner's motion for appointment of counsel and request for

19   judicial notice.  (Doc. No. 23, 24).  Petitioner filed a *pro se* Petition for Writ of Mandamus

20   seeking relief pursuant to 28 U.S.C. § 1651.  (Doc. No. 1).  Petitioner notes that he was appointed

21   counsel to represent him in his parole revocation proceedings, and requests that the Court

22   "extend" that appointment of counsel to the instant matter.  (Doc. No. 23).

23        Regardless of the appointment of counsel in Plaintiff's criminal matter, there is no

24   automatic, constitutional right to counsel in this separate federal habeas proceeding.  *See Coleman*

25   *v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958).

26   The Criminal Justice Act, 18 U.S.C. § 3006A authorizes this Court to appoint counsel for a

27   financially eligible person who seeks relief under § 2254 when the "court determines that the

28

                                         1

interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the Court to appoint counsel:  (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the Court has determined that an evidentiary hearing is warranted.  *Id*. at Rs. 6(a) and 8(c).

Based upon the record, the Court finds Petitioner has not demonstrated that appointment of counsel is necessary at this stage of these proceedings.  Petitioner was able to file his habeas petition and his response to the motion to dismiss without the aid of counsel, and the Court finds that the claims raised therein do not appear to be complex.  Provided Petitioner meets the criteria set forth in 18 U.S.C. § 3006A, the Court will consider appointing counsel to represent Petitioner if the Court later finds good cause to permit discovery or if the Court decides that an evidentiary hearing is warranted in this matter.

Petitioner additionally asks the Court to take judicial notice that (1) Petitioner was appointed an attorney in his parole revocation hearing, and (2) that he was unable to access the law library for several months due to Covid-19 quarantine.  (Doc. No. 24).  Presumably, Petitioner requests the Court to take judicial notice of these issues to support his motion for appointment of counsel.

Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The Court may take judicial notice on its own or at the request of any party.  *Id.* 201(c).  While the Court may take judicial notice that Petitioner was appointed an attorney in his criminal matter after reviewing the court's records in that matter, whether Petitioner was quarantined and unable to have access of the library is an issue of fact and not subject to judicial notice.  Regardless, as indicated above, Petitioner has not demonstrated that appointment of counsel is warranted, regardless of whether counsel was appointed in a separate matter.  Additionally, Petitioner timely filed his opposition to

Respondent's motion to dismiss, which is now ripe for the Court's review.  Thus, the Court deems Petitioner's request for judicial notice mooted by the Court's prior ruling.

Accordingly, it is **ORDERED**:

1.  Petitioner's Motion for Appointment of Counsel (Doc. No. 23) is **DENIED without prejudice.**

2.  Petitioner's Request for Judicial Notice (Doc. No. 24) is **DENIED as moot**.

IT IS SO ORDERED.

Dated:   November 15, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3