UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN VON STAICH, | Case No. 1:21-cv-00628-HBK |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS[1] |
| v. | (Doc. No. 15) |
| US PAROLE COMMISSIONER, | |
| Respondent. | |

Petitioner Ivan Von Staich initiated this action by filing a *pro se* petition for writ of mandamus under 28 U.S.C. § 1651. (Doc. No. 1). Before the Court is Respondent's motion to dismiss. (Doc. No. 15). Respondent filed an Appendix in support of its motion. (Doc. No. 15-1). Petitioner filed an opposition to the motion. (Doc. No. 22). For the reasons set forth below, the Court grants Respondent's motion.

**I. BACKGROUND**

Petitioner filed the instant petition on March 25, 2021, seeking relief through writ of mandamus under 28 U.S.C. § 1651. (Doc. No. 1). Petitioner requested the Court to direct the U.S. Parole Commission to "cease and terminate all federal parole violation proceedings" arising from his 1980 conviction for mailing threatening communications in violation of 18 U.S.C. § 876.

---
[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 21).

1  (*Id*.).  On August 3, 2021, the Court ordered Respondent to respond to the petition and to provide
2  information regarding the status and nature of Petitioner's custody.  (Doc. No. 13).

3  Respondent's response and accompanying appendix reveals the following facts.  On June
4  9, 1980, Petitioner pled guilty to mailing threatening letters to his ex-girlfriend, including threats
5  to murder her and her family members.  (Doc. No. 15-1 at 2).  Petitioner was sentenced to 5 years
6  in prison.  (*Id*. at 3).  On November 14, 1983, Petitioner was released on parole with the condition
7  that he not contact or communicate with his ex-girlfriend.  (*Id*. at 7).  On December 7-8, 1983,
8  Petitioner violated the conditions of his release and murdered his ex-girlfriend's husband and
9  attempted to murder his ex-girlfriend.  (*Id*. at 9).  Petitioner was then held in state custody for
10 these state crimes.  (Doc. No. 15 at 2).  The U.S. Parole Commission also obtained an arrest
11 warrant for Petitioner for violations of his release conditions on December 8, 1983.  (Doc. No.
12 15-1 at 8-10).  On May 30, 1986, Petitioner was sentenced to 30-years-to-life in state prison for
13 murder and attempted murder.  (Doc. No. 15 at 2).  On December 4, 2020, Petitioner was granted
14 parole from his state sentence.  (*Id*.).  On that same day, this Court's arrest warrant (issued
15 December 8, 1983) was executed, and Petitioner was taken into federal custody.  (*Id*.).

16 On January 21, 2021, the U.S. Parole Commission recommended that Petitioner's parole
17 be revoked and that he be held in federal custody until December 4, 2021.  (Doc. No. 15-1 at 16).
18 On April 15, 2021, Petitioner accepted an Expedited Revocation Proposal in which Petitioner
19 agreed to parole revocation and a federal custody release date of December 4, 2021.  (*Id*. at 21).
20 In response to Petitioner's acceptance of the Expedited Revocation Proposal, the U.S. Parole
21 Commission issued a Notice of Action and revoked mandatory release and ordered Petitioner's
22 parole to be effective on December 4, 2021.  (*Id*. at 22-24).

23 **II.  APPLICABLE LAW**

24 Under 28 U.S.C. § 1651, federal courts may issue writs "in aid of their respective
25 jurisdictions."  This court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of
26 mandamus.  That jurisdiction is limited, however, to writs of mandamus to "compel an officer or
27 employee of the United States or any agency thereof to perform a duty."  28 U.S.C. § 1361.
28 Moreover, "[t]he writ of mandamus is a 'drastic and extraordinary' remedy 'reserved for really

extraordinary causes.'" *In re Van Dusen*, 654 F.3d 838, 840 (9th Cir. 2011) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)). *See Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 289 (1988) ("This Court repeatedly has observed that the writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations."). Mandamus relief is only available when (1) the petitioner's claim is clear and certain; (2) the duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003); *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998).

### III. ANALYSIS

In his initial Petition, filed on March 25, 2021, Petitioner asked the Court to order Respondent to "'cease and terminate' all federal parole violation proceedings in the name" of Petitioner. (Doc. No. 1 at 6-7). Subsequently, on April 15, 2021, Petitioner agreed to the proposed parole revocation and federal custody release date of December 4, 2021. (Doc. 15-1 at 21). Petitioner also agreed that "[b]y accepting this decision, I understand that I am accepting responsibility for my conduct, waiving my right to a revocation hearing, and waiving my right to appeal the decision." (*Id*.). On April 21, 2021, the U.S. Parole Commission ordered Petitioner be released on parole on December 4, 2021, in accordance with Petitioner's agreement. (*Id*. at 22). Thus, based on Plaintiff's stipulation to Respondent's proposed federal custody release date, and Respondent's order that Petitioner be released on parole on December 4, 2021, Petitioner's request that Court order Respondent to "cease and terminate" parole revocation proceedings has been rendered moot. *See Anderson v. United States*, 898 F.2d 751 (9th Cir. 1990) (once dispositional review was granted, the claim was moot). In addition to this jurisdictional issue, the Court notes that Petitioner has not demonstrated (1) a clear and certain claim for relief. and (2) the absence of any other adequate means to attain relief, as required by § 1651. As per his stipulation, Petitioner does not dispute Respondent's proposed decision to revoke mandatory release, credit "none of the time spent on release," and order Petitioner be released on parole on December 4, 2021. (Doc. 15 at 21-22). Thus, no grounds entitling Petitioner to the issuance of a writ in the nature of mandamus exist.

Alternatively, Petitioner appears to claim Respondent incorrectly calculated his parole release date by failing to give him credit for time he spent in state and federal custody on the basis that Petitioner's "entire Federal [Bureau of Prisons] inmate records, which includes all alleged 1983 parole violation warrant and detainer computer documents" were "completely destroyed." (Doc. No. 1 at 6-7).  Challenges by a federal prisoner to the duration of his current custody may be cognizable in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) ("even if restoration of [] good-time credits had merely shortened the length of their confinement, rather than required immediate discharge from that confinement, their suits would still have been within the core of habeas corpus in attacking the very duration of their physical confinement itself."); *Tucker v. Carlson*, 925 F.2d 330, 331-32 (9th Cir. 1991) (concluding that challenges to "the manner in which [a] sentence was executed," or to "the fact or duration of ... confinement," are properly brought in habeas petitions pursuant to § 2241); *Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015) (BOP's calculation of sentencing credit may be challenged by a habeas petitioner under § 2241).

However, as argued by Respondent, Petitioner concedes to the calculation of his release date on parole "effective on 12/04/21, after the service of 456 months" and Respondent has ordered his parole effective on 12/04/21.  (Doc. No. 15 at 21-22).  Thus, even were the Court to liberally construe his claim as a petition for a writ of habeas corpus, any challenge regarding the calculation of his parole is premature at best.  Further any challenges to that the length of his current sentence are rendered moot by virtue of his stipulation to the revocation of his parole and the agreed upon release date of December 4, 2021.

Accordingly, it is **ORDERED**:

1. Respondent's motion to dismiss (Doc. No. 15) is **GRANTED**.

2. The Clerk of Court is directed to close this case.

Dated:   November 18, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE